UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL L. BANKS, | ) | 1:09-cv-00152--BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| | ) | PROCEED ON PETITION (Doc. 9) |
| | ) | |
| v. | ) | ORDER DISREGARDING PETITIONER'S |
| | ) | MOTIONS FOR STAY OF PROCEEDINGS |
| | ) | ON PETITION FOR WRIT OF HABEAS |
| DEBRA DEXTER, | ) | CORPUS (Docs. 6 & 7) |
| | ) | |
| Respondent. | ) | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition on January 26, 2009. (Doc. 1). Petitioner raises five grounds for relief: (1) unconstitutional and illegal parole search; (2) ineffective assistance of counsel; (3) illegal consecutive sentence violating Cal. Pen. Code § 654; (4) illegal enhancement of sentence with aggravating facts not submitted to a jury; and (5) the sentence is cruel and unusual. (Doc. 1, pp. 8-25).

On February 19, 2009, and again on March 26, 2009, Petitioner filed motions to stay proceedings that were identical. (Docs. 6 & 7). In these motions for stay, Petitioner requests a stay of proceedings to permit him to "rephrase" Ground One, i.e., the illegal search issue, because "it was quite obvious that facts [in Ground One of the petition] would not define the issue as it applies to the

totality of circumstances in his case." (Docs. 6 & 7, p. 1). Petitioner contends that there is a "need for a much broader, more comprehensive interpretation of this issue" that "will provided [sic] a clear insight into whether or not there was a 4th Amendment –probably cause violation of the United States Constitution." (Id. at p. 2).

On July 7, 2009, Petitioner file a "motion to proceed on petition," in which Petitioner expresses the wish to forego any stay and continue with the proceedings because, on June 30, 2009, the California Supreme Court denied his state petition that, apparently, raised the very issue that was the subject of Petitioner's two motions to stay. (Doc. 9). Petitioner indicates that because the issue is now exhausted and because "that issue has already been incorporated in his pending petition," he wishes to now proceed with the petition as presently constituted. (Id.).[1]

The Court construes Petitioner's "motion to proceed on petition" as a motion to withdraw his two motions for stay. Since Petitioner has presented good cause for withdrawing said motions for stay, i.e., that the purpose of a stay has been mooted by the exhaustion of the claim in his state petition before the California Supreme Court, the Court will grant the motion and will disregard the two motions for stay.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to proceed on petition (Doc. 9), which the Court construes as a motion for withdrawal of his motions for stay dated February 19, 2009 and March 26, 2009, is GRANTED;

2. Petitioner's motions for stay dated February 19, 2009 (Doc. 6), and March 26, 2009 (Doc. 7), are DEEMED DISREGARDED.

IT IS SO ORDERED.

Dated:   July 10, 2009              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has accessed the California courts' electronic database for Petitioner and determined that he filed a petition for writ of habeas corpus in the California Supreme Court on January 12, 2009 in case no. S169661. That petition was denied on June 24, 2009 with citations to In re Clark , 5 Cal.4th 750 (1993), In re Robbins, 18 Cal.4th 770, 780 (1998), In re Lessard, 62 Cal.2d 497, 503 (1965), and In re Dixon, 41 Cal.2d 756 (1953). For purposes of this Order, the Court assumes that this is the petition to which Petitioner refers in his motion.