# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. BANKS, | 1:09-cv-00152-LJO-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 1) |
| v. | |
| DEBRA DEXTER, | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on January 21, 2009.[1] On July 13, 2009, the Court ordered Respondent to file a response to the petition.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 21, 2009. (Doc. 1, p. 26).

1

(Doc. 11). On September 10, 2009, Respondent filed the instant motion to dismiss the petition as untimely.[2] (Doc. 17). On September 30, 2009, Petitioner filed his opposition to the motion. (Doc. 21). Respondent then filed a Reply on October 13, 2009. (Doc. 22).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

---

[2]Respondent also contends that Ground One in the petition should be dismissed because it fails to assert a federally cognizable habeas claim. (Doc. 17, p. 1). However, because the Court agrees with Respondent that the petition is untimely, the Court sees no need to address whether Ground One states a cognizable federal claim.

1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 21, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner alleges that he was convicted in the Kern County Superior Court of various controlled substance charges on February 18, 2004. (Doc. 1, p. 1). Respondent has lodged documents with the Court establishing that Petitioner was convicted of possession and purchase of cocaine base for sale, possession of marijuana for sale, and keeping a place to sell a controlled substance, in violation, respectively, of California Health & Safety Code §§ 11351.1, 11359, and 11366. (Lodged Document ("LD") 3). Petitioner was sentenced to a term twenty-five years to life on the first two counts, with the third count stayed. (Id.). Petitioner then filed a direct

appeal, which concluded when his petition for review in the California Supreme Court was denied on February 28, 2007. (LD 6). Thus, direct review would have concluded on May 29, 2007, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, i.e., May 30, 2007, or until May 29, 2008, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned, the instant petition was filed on January 21, 2009, approximately eight months after the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory tolling or equitable tolling, the petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

4

a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged with the Court by Respondent establish that Petitioner filed the following state habeas petitions: (1) filed January 29, 2004 in the Kern County Superior Court and denied on March 22, 2004 (LD 7, 8); (2) filed January 12, 2005 in the Kern County Superior Court and denied on January 26, 2005 (LD 9, 10); (3) filed on February 1, 2005 in the California Court of Appeal, Fifth Appellate District ("5th DCA") and denied on February 24, 2005 (LD 11, 12); (4) filed on March 28, 2005 in the California Supreme Court and denied on March 15, 2006 (LD 13, 14); (5) filed on March 17, 2005 in the Kern County Superior Court and denied on April 26, 2005 (LD 15, 16); (6) filed on March 17, 2005 in the 5th DCA and denied on May 26, 2005 (LD 17, 18); (7) filed on June 6, 2005 in the California Supreme Court and voluntary withdrawal granted on August 19, 2005 (LD 19-21); (8) filed on July 20, 2005 in the California Supreme Court and voluntary withdrawal granted on January 24, 2006 (LD 22-24); (9) filed on October 24, 2006 in the California Supreme Court and voluntary withdrawal granted on December 15, 2006 (LD 25, 26); (10) filed on May 26, 2007 in the Kern County Superior Court and denied on August 1, 2007 (LD 27, 28); (11) filed on September 13, 2007 in the California Supreme Court, amended petition filed on October 25, 2007, and denied on March 12, 2008 (LD 29-31); (12) filed on June 19, 2008 in the California Supreme Court, various amended petitions filed thereafter, and relief denied on December 17, 2008 (LD 32-37); (13) filed on August 12, 2008 in the Kern County Superior Court and denied on November 12, 2008 (LD 38, 39, 40); (14) filed on January 7, 2009 in the California Supreme Court and denied on June 24, 2009. (LD 41, 42).

Respondent contends that Petitioner is not entitled to statutory tolling for the first through ninth state petitions because they were filed and denied prior to the commencement of the one-year period. (Doc. 17, p. 6). The Court agrees.

As mentioned, the one-year period did not commence to run until May 30, 2007. Petitioner's first nine state petitions were all filed and denied prior to that date. A tolling provision has no applicability where the period to be tolled has not commenced. See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on other grounds*, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), *affirmed*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213. Thus, a state habeas petition filed prior to the commencement date of the statute of limitation has no tolling effect. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Although it may seem self-evident, a properly filed state petition cannot toll a limitation period that, as here, has not even commenced to run. This is necessarily so because the period of pendency of the state petition, which defines the amount of tolling to be accorded the petition, and the period of the statute of limitation, which defines the actual period during which a petitioner may file a federal petition, do not intersect or overlap at any point. Thus, the first through ninth state petitions had no tolling consequences for Petitioner because the AEDPA's tolling provision does not apply to state petitions that have already been denied.

Next, Respondent argues that Petitioner is not entitled to statutory "interval" tolling for the period between the denial of his ninth petition on December 15, 2006 and the filing of the tenth petition on May 26, 2007.³ The Court agrees.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that when the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the

---

³Respondent states that the tenth petition contains a proof of service dated June 1, 2007. (Doc. 17, p. 6, fn. 3). However, in order to give Petitioner every benefit of the doubt, the Court will use the date of May 26, 2007, which is the date Petitioner signed the petition itself as well as the attached brief. (LD 27, p. 6; attached brief, p. 62).

6

federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review was filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[4]

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare

---

[4] Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

7

Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable; Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans"). Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the Kern County Superior Court did not discuss the timeliness of the tenth petition. Accordingly, this Court must independently determine whether Petitioner's request for state court collateral review was filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. It seems clear that the lengthy delay between the denial of the ninth petition on December 15, 2006 and the filing of the tenth petition on May 26, 2007, a period of over five months, was well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, in the Court's view, Petitioner is not entitled to interval tolling during that period.

Respondent, however, does not contend that the tenth petition itself was not "properly filed."

(Doc. 17, p. 7).[5] Thus, its filing on May 26, 2007 would have entitled Petitioner to statutory tolling once the one-year period commenced on May 30, 2007, and the one-year period would have continued to toll the running of the statute of limitation until at least August 1, 2007, when the tenth petition was denied.

Respondent argues that Petitioner's next collateral action, his eleventh state petition, was not "properly filed" under the AEDPA, and therefore Petitioner is not entitled to statutory tolling for either the pendency of the eleventh petition *or for the interval preceding* it after denial of the tenth petition. This is so because the eleventh petition was expressly denied as untimely by the state court. Once more, the Court agrees.

As discussed above, if, as is the case with the eleventh petition, the state court expressly finds a petition untimely, that is the "end of the matter" for purposes of statutory tolling, either for the pendency of the petition itself or for the interval preceding it. Bonner, 425 F.3d at 1148-1149. Moreover, since the eleventh petition was not "properly filed" because it was untimely, Artuz v. Bennett, 531 U.S. 4, 8 (2000)(a "properly filed" state petition complies with the applicable laws and rules governing filings, including the form of the application and time limitations), it not only deprives Petitioner of tolling during the pendency of the eleventh petition, but also during the preceding interval period after denial of the tenth petition. See Carey, 536 U.S. at 222-224 (a state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court *as long as those intervals are "reasonable."* ). The state court's de facto finding that Petitioner's delay in filing the eleventh petition was unreasonable thus denies Petitioner statutory tolling for the pendency of the eleventh petition as well as for the interval preceding its filing.

Based on the foregoing, the tolling of the one-year period would have ended the day following the denial of the tenth petition on August 1, 2007, i.e., on August 2, 2007, and, since Petitioner had his full 365 days remaining, it would have expired on August 1, 2008, barring any state collateral actions that would have entitled Petitioner to additional statutory tolling. As

---

[5] The denial of interval tolling between the ninth and tenth petitions does not, in the end, affect the Court's analysis at all, since, as discussed below, Petitioner filed his tenth petition four days before the one-year period would have commenced, thus effectively delaying the commencement of the one-year period until August 2, 2007.

discussed above, neither the pendency of the eleventh petition nor the interval preceding it entitled Petitioner to such tolling. Thus, the next event that could have interrupted the running of the one-year period, and thus afforded Petitioner statutory tolling, would have been the filing of the twelfth petition on June 19, 2008. However, Respondent contends that the twelfth petition does not afford Petitioner any tolling effect because it too was denied by the state court as untimely.[6] The Court agrees in light of the express findings of untimeliness by the California Supreme Court in denying the twelfth petition. Bonner, 425 F.3d at 1148-1149.

In the absence of any "properly filed" state petition that would interrupt the running of the one-year period and thus entitle Petitioner to statutory tolling, the one-year period continued to run unabated until it expired on August 1, 2008. Thereafter, Petitioner filed his thirteenth and fourteenth state petitions; however, those actions do not entitled him to additional tolling. A petitioner is not entitled to tolling where the limitations period has *already run* prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on August 1, 2008, eleven days before Petitioner filed his thirteenth state habeas petition on August 12, 2008. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for either the thirteenth or fourteenth state petitions.

Thus, the one-year period expired on August 1, 2008 and Petitioner did not file the instant petition until January 21, 2009, approximately five and one-half months after the limitation period had ended. Therefore, unless Petitioner is entitled to equitable tolling, the petition is untimely after all allowable statutory tolling has been considered.

D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances

---

[6] The California Supreme Court denied both the eleventh and twelfth petitions citing In re Clark, 5 Cal. 4th 750 (1993), which holds that repetitious or dilatory claims will not be condoned. (LD 31, 37).

beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner makes no claim of entitlement to equitable tolling and, in reviewing the entire record, the Court sees no basis for such tolling. In his opposition to Respondent's motion to dismiss, Petitioner argues that Ground One states a cognizable claim and that his trial counsel's ineffectiveness at the pre-trial suppression hearing denied Petitioner a full and fair opportunity to litigate what Petitioner contends was an illegal parole search. (Doc. 21, p. 1). Significantly, however, Petitioner does not offer any substantive arguments to rebut Respondent's claim that the petition is untimely, nor does Petitioner provide any bases justifying the use of equitable tolling principles to make the instant petition timely. Petitioner does not contend that he is factually innocent; rather, he contends that the parole search was unconstitutional and that his constitutional rights were violated thereby. Under such circumstances, the Court finds no basis for equitable tolling.

Accordingly, the Court concludes that the petition is untimely and should be dismissed.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 17), be GRANTED and the habeas corpus petition (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 31, 2010**        **/s/ Jennifer L. Thurston**
                      UNITED STATES MAGISTRATE JUDGE